IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH COLES, | : | Civil No. 1:10-CV-1976 |
| Petitioner, | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Carlson) |
| COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE, et al., | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

**I.  Statement of Facts and of the Case**

The Petitioner in this case, Kenneth Coles, is a state prisoner, housed at the state Correctional Institution(SCI) Huntingdon. On September 22, 2010, Coles filed a 46-page *pro se* complaint in mandamus against the Defendants, the state parole board. (Doc. 1.) In this complaint Coles advanced a novel proposition. Coles alleged that he "has made a thorough and exhaustive examination of the parole and sentencing laws in Pennsylvania [and] discovered that Pennsylvania prisoners have a 'right' to parole and that right has been repeatedly violated." (Id., p. 3.) On the basis of this assertion

that he has a "'right" to be paroled, Coles now seeks a writ of mandamus directing the parole board to release him on parole.

Along with his petition for writ of mandamus, Coles has filed a motion for leave to proceed *in forma pauperis*. (Doc. 7.) We will grant this motion to proceed *in forma pauperis*, but having examined this petition for writ of mandamus we find that the petition is subject to dismissal and, therefore, recommend that the petition be dismissed for the reasons set forth below.

## II. Discussion

### A. Inmate Case Screening Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald

assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

Applying this standard, the Court finds that the petitioner's mandamus complaint should be dismissed for failure to state a claim upon which relief can be granted.

## B. Cole Is Not Entitled to Mandamus Relief

At the outset, it appears that Cole is not entitled to mandamus relief. A petition for writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in a federal statute, 28 U.S.C. § 1361, which provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C.. § 1361.

Writs of mandamus compelling government officials to take specific actions, are extraordinary forms of relief, which must comply with demanding legal standards. Thus, it is well-settled that "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.' " In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000), (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)). Thus, as a general rule:

> There are two prerequisites to issuing a writ of mandamus. [Petitioners] must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable. See In re Patenaude, 210 F.3d 135, 141 (3d Cir.2000); Aerosource, Inc. v. Slater, 142 F.3d 572, 582 (3d. 1988).

Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003).

Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996) (quoting Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir.1987)). See Ararat v. District Director, ICE, 176 F.App'x. 343 (3d Cir. 2006). Therefore:

> Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). See also Stehney, 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

Stanley v. Hogsten 277 F.App'x. 180, 181(3d Cir. 2008).

As one court has aptly observed when describing the precise and exacting standards which must be met when a petitioner invokes the writ of mandamus:

> The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34,(1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power'" will justify issuance of the writ. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (quoting Will v. United States, 389 U.S. 90, 95(1967)); see also In re Leeds, 951 F.2d 1323, 1323 (D.C.Cir.1991). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." In re Medicare Reimbursement Litigation, 414 F.3d 7, 10 (D.C.Cir.2005) (quoting Power v. Barnhart, 292 F.3d 781, 784

7

(D.C.Cir.2002)); see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate, 471 F.3d 1341, 1350 (D.C.Cir.2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.' " Power v. Barnhart, 292 F.3d at 784 (quoting Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C.Cir.1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. See, e.g., Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); Weber v. United States, 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

Carson v. U.S. Office of Special Counsel, 534 F.Supp.2d 103, 105 (D.D.C.2008).

In the past, prisoner-petitioners, like Coles, have frequently turned to the writ of mandamus to try to compel those who control their custody to take some specific form of favorable action. These petitions have been many and varied in their forms, embracing wildly diverse disputes, but one consistent theme throughout these cases has been that the courts rarely such embrace mandamus requests. See e.g., Priskanin v. Doe, 349 F. App'x 689 (3d Cir. 2009)(denying mandamus request that FBI protect former alleged informant); Stanley v. Hogsten, 277 F.App'x. 180, 181(3d Cir.2008) (denying federal inmate mandamus request for law book); Ararat v. District Director, ICE, 176 F.App'x. 343 (3d Cir. 2006)(denying prisoner mandamus request to remove detainer); Beckley v. Miner, 125 F.App'x 385 (2d Cir. 2005)(denying mandamus request for prison transfer); Leonhard v. Mitchell, 473 F.2d 709 (2d Cir.

8

1973)(denying mandamus request for disclosure of whereabouts of witness protection program witness). These cases, which consistently decline to apply the drastic and extraordinary remedy of mandamus to custodial decisions, all recognize that matters relating to custody and release of prisoners routinely entail the exercise of discretion by government officials. Since these decisions often entail significant exercises of discretion, it rarely can be said that these judgments involve such "a clear nondiscretionary duty," Stanley v. Hogsten, 277 F. App'x. at 181, that mandamus may lie compelling some specific form of governmental action. Indeed, as the United States Court of Appeals for the Third Circuit recently observed when it denied a mandamus request from a Pennsylvania state prisoner who, like Coles, sought to use the writ to compel favorable state parole board action:

> Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996). State prisoners challenging the denial of parole must proceed by filing a habeas petition pursuant to 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir.2001). As noted above, the District Court has previously denied [petitioner's] petition for habeas, in which he requested the same relief he seeks now. See Brown v. Com. of Pa. Bd. of Prob. and Parole, 2010 WL 411832 (W.D.Pa.2010). In affirming the District Court order, we explained that [the petitioner] failed to demonstrate "a substantial showing of the denial of a constitutional right." See C.A. 10-1424. Mandamus cannot be used to obtain relief that has been sought and denied. See e.g., United States ex rel. McQueen v. Wangelin, 527 F.2d 579, 582 (8th Cir.1975) (holding that mandamus will

9

> not lie to disturb a final order on a habeas petition). More fundamentally, to the extent that [the petitioner] seeks an order directing state courts or state officials to take action, the request lies outside the bounds of our mandamus jurisdiction as a federal court. See, e.g., In re Tennant, 359 F.3d 523, 531 (D.C.Cir.2004) (explaining that mandamus jurisdiction lies with the court that has the ultimate authority to review a decision).

In re Brown, No. 10-2293, 2010 WL 2180778, *1 (3d Cir. June 3, 2010).

In this case, Coles' complaint in mandamus appears to invite this Court, in the guise of a mandamus action, to direct the state parole board to take a specific course of action on his request for parole. However, a writ of mandamus may only issue if the Plaintiff has a clear right to relief and the Defendant has a clear duty to act, and "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996). Therefore, inherent in a request for mandamus is "a showing [by the moving party] that 'its right to issuance of the writ is clear and indisputable.' Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy." Carson v. U.S. Office of Special Counsel, 534 F.Supp.2d 103, 105 (D.D.C.2008).

These basic limitations on the writ of mandamus are fatal to this petition since Coles' complaint, at bottom, seeks to use a writ of mandamus to dictate the exercise of discretion by the state parole board and is premised on Coles' claim of an absolute "right" to parole. Yet this premise is clearly incorrect since the United States Court of Appeals for the Third Circuit has plainly found that no such right exists, stating:

> The Supreme Court has held that an expectation of release on parole is not a constitutionally protected liberty interest. Jago v. Van Curen, 454 U.S. 14 (1981). In Jago, the inmate had been ordered released on parole but before he was released, the Parole Board learned that he had not been truthful in his interview or parole plan. The Board rescinded the inmate's parole. The Supreme Court held that the inmate was not entitled to a hearing before his parole was rescinded because, under [state] law, the inmate had no liberty interest in parole because it was entirely discretionary. Under Pennsylvania law, until the Board's order is "executed," the Board may at any time rescind an order granting parole. The Board's order is executed when there is an order granting a prisoner's release and the prisoner signs an acknowledgment of the conditions of parole. Only then does the inmate have a liberty interest in parole. Johnson v. Commonwealth, 110 Pa.Cmwlth. 142, 532 A.2d 50, 52 (1987).

Stephens v. Chairman of Pennsylvania Bd. of Probation and Parole, 173 F. App'x 963, 965 (3d Cir. 2006).

While state inmates frequently invite federal courts to revisit discretionary parole determinations by challenging those parole decisions on due process grounds, these invitations are rarely embraced by the courts. Thus, for example, federal courts

11

have routinely rejected suggestions by state prisoners that discretionary parole denials offend constitutional due process, and have denied habeas relief to such petitioners. See, e.g., Williams v. Pa. Bd. of Probation and Parole, No. 07-3158, 2008 WL 5120773 (E.D. Pa. Oct. 31, 2008); Walls v. Attorney General, No. 06-1598, 2007 WL 4190790 (W.D. Pa. Nov. 26, 2007); Zuniga v. Pa. Bd. of Probation and Parole, No. 05-5517, 2007 WL 1002179 (E.D. Pa. March 29, 2007); Anderson v. Pa. Bd. of Probation and Parole, No. 05-00163, 2006 WL 1149233 (M.D. Pa. April 26, 2006); Bonsall v. Gillis, 372 F.Supp. 2d 805 (M.D. Pa. 2005); Bachman v. Jeffries, 488 F.Supp. 107 (M.D. Pa. 1980). These cases are grounded upon several basic tenets of constitutional law. At the outset, these cases acknowledge that it is well-settled that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); see also Rauso v. Vaughn, 79 F. Supp. 2d 550, 551 (E.D. Pa.2000)(the federal Constitution does not create an entitlement to parole). These cases all further recognize that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Burkett v. Love, 89 F.3d 135, 139 (3d Cir.1996); Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F.Supp. 288, 294 (E.D. Pa. 1993).

In short, in the absence of "a legal duty '. . . [so] positively commanded and so plainly prescribed as to be free from doubt,' " Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996), Coles is not entitled to mandamus relief in federal court. Since federal law and Pennsylvania statutes plainly do not create a cognizable, and absolute, right to parole, Coles simply cannot demonstrate a duty so clearly commanded and free from doubt as to justify issuance of a writ of mandamus. Therefore, this petition fails.

Finally, and "[m]ore fundamentally, to the extent that [the petitioner] seeks an order directing state courts or state officials to take action, the request lies outside the bounds of our mandamus jurisdiction as a federal court. See, e.g., In re Tennant, 359 F.3d 523, 531 (D.C.Cir.2004) (explaining that mandamus jurisdiction lies with the court that has the ultimate authority to review a decision)." In re Brown, No. 10-2293, 2010 WL 2180778, *1 (3d Cir. June 3, 2010). Instead, Coles must turn to state courts if he seeks a writ of mandamus against state officials based upon the alleged misapplication of state law.

We recognize that *pro se* petitioners often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v.

13

Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case the *pro se* complaint in mandamus does not contain sufficient legal and factual recitals to state a claim upon which relief may be granted, and it is clear that Coles cannot as a matter of law make a showing which would warrant the exercise of mandamus jurisdiction here. Therefore, allowing leave to amend would be futile. Accordingly, the petition should simply be denied.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS ORDERED that the Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 7) is GRANTED but IT IS RECOMMENDED that the Plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of October, 2010.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge